NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL HASHER, et al.<br><br>Plaintiff,<br><br>v.<br><br>JON CORZINE, et al.<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-cv-1212 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon application by *pro se* Plaintiff Joseph Aruanno for the appointment of pro bono counsel pursuant to 28 U.S.C. §1915(e)(1). For the reasons set forth below, the application is **denied**.

**I.    DISCUSSION**

In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir.1993), the Third Circuit Court of Appeals provided district courts with specific guidelines in appointing pro bono counsel for an indigent applicant. 6 F.3d at 155, 158. The Third Circuit emphasized a threshold matter of merit must be met before a court examined those factors. <u>Id</u>. In other words, this Court must be satisfied that there is some merit to Plaintiff's claim in fact and in law before engaging in further evaluation. <u>See id</u>. Once a determination of merit has been made, then a variety of factors must be examined to decide whether or not pro bono counsel is necessary. Those factors include a plaintiff's ability to present his case; a plaintiff's education, literacy, prior work experience, and prior litigation experience; the

complexity of the underlying case; whether the case requires a factual investigation and a plaintiff's ability to carry out that factual investigation; and whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross-examination. Id. at 156.

Plaintiff has failed to sufficiently address the merits of his case and does not address the likelihood of success of his claims. While Plaintiff Aruanno does address his lack of legal knowledge and the complexities of the underlying case, his assertions do not rise to the level necessary for the appointment of pro bono counsel. Plaintiff asserts only general claims in his application and does not provide specific facts or allegations. Plaintiff fails to adequately address the threshold requirement for pro bono counsel, namely that his case "has arguable merit in fact and law." Tabron, 6 F.3d at 155. Because Plaintiff is unable to satisfy this burden, the Court must deny his application.

## II.  CONCLUSION

Based on the foregoing, the application by Plaintiff Joseph Aruanno, for appointment of pro bono counsel is **denied**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: January  3 , 2008
Original: Clerk's Office
cc: All Counsel of Record
    The Honorable Mark Falk, U.S.M.J.
    File