UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |
|---|---|

October 5, 2015

**LETTER OPINION/ORDER**

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001

    Re:    **D.E. 120, Plaintiff's Application for Reconsideration**
            **Hasher v. Corzine**
            **Civil Action No. 07-cv-1212 (SDW-SCM)**

Dear Litigants:

    This matter comes before the Court upon review of Plaintiff' Joseph Aruanno's motion filed on August 5, 2015 seeking reconsideration of the denial of *pro bono* counsel. (ECF Docket Entry No. ("D.E.") 120, 125). Defendants have not taken a position on the motion. (D.E. 121).

    The Court has reviewed the papers in support and those in opposition to the motion and for the reasons set forth herein, the motion is **denied**.

I.    DISCUSSION

    A.    Legal Standard

    Motions for reconsideration are governed by Local Civil Rule 7.1(i). A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." Local Civil Rule 7.1(i). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

    "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly." *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. (internal citations and quotations omitted.). Motions for reconsideration require the moving party to set forth "concisely the matters or controlling

decision which counsel believes the [Court] has overlooked." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision." *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

      B.      Analysis

Plaintiff merely disagrees with the Court's initial decision. First, Plaintiff does not claim there was an intervening change in the controlling law. Second, Plaintiff does not claim that new evidence is available that had not been available when the Court made its initial decision. Third, Plaintiff does not contend that the Court made a clear error of law or fact, or that manifest injustice would result if the Court did not reconsider its ruling. See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Furthermore, Plaintiff does not argue that the Court overlooked any matter.

While Plaintiff does not articulate his grounds for seeking reconsideration, he "cites" cases that had been previously available when briefing the Court on the underlying motion.

II.    CONCLUSION

Plaintiff does not cite any new law, nor does Plaintiff cite to any law that the Court did not already consider. There was no oversight by this Court of the legal issues relevant to the adjudication of this matter, nor was there any oversight as to any relevant facts or matters. Further, there is no meritorious basis for reconsideration of the Court's Order. As "[r]econsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision," Plaintiff's Motion for Reconsideration is **DENIED**. *Gunter*, 2012 WL 2522883, at *2.

**IT IS** on this Monday, October 05, 2015 ordered as follows:

1.    Plaintiff's motion for reconsideration is **denied.**

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/5/2015 3:19:22 PM

2

c (via ECF):

All Counsel