UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

January 8, 2016

**LETTER OPINION/ORDER**

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001

    Re:    **D.E. 139, Plaintiff's Application for Reconsideration**
             **Hasher v. Corzine**
             **Civil Action No. 07-cv-1212 (SDW-SCM)**

Dear Litigants:

    This matter comes before the Court upon review of *pro se* Plaintiff Joseph Aruanno's (Mr. Aruanno) informal motion filed on January 6, 2016 requesting reconsideration of the denial of his informal motion to compel mediation or arbitration.[1] Defendants have opposed the motion.[2]

    The Court has reviewed the papers in support and those in opposition to the motion and for the reasons set forth herein, the motion is **denied**.

I.    DISCUSSION

    A.    Legal Standard

    Motions for reconsideration are governed by Local Civil Rule 7.1(i). A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."[3] To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

---

1  (ECF Docket Entry No. ("D.E.") 133).

2  (D.E. 138).

3  Local Civil Rule 7.1(i).

1

when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[4]

"A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[5] Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."[6] Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[7]

B.  Analysis

Mr. Aruanno merely disagrees with the Court's initial decision. First, Mr. Aruanno does not claim there was an intervening change in the controlling law. Second, Mr. Aruanno does not claim that new evidence is available that had not been available when the Court made its initial decision. Third, while Mr. Aruanno does not contend that the Court made a clear error of law or fact, he does suggest that that manifest injustice would result if the Court did not reconsider its ruling.[8] Mr. Aruanno advances the argument that the denial of his informal motion is *ipso facto* of his *pro se* status and represents a manifest injustice.[9] This Court has denied his repeated requests for the appointment of *pro bono* counsel[10] and the argument that Mr. Aruanno's incarceration, his lack of legal training and *pro se* status automatically results in the imposition of a manifest injustice in this instance is unpersuasive.[11] Lastly, Mr. Aruanno does not argue that the Court overlooked any matter when considering its ruling.

II.  CONCLUSION

Mr. Aruanno does not cite any new law, nor does Mr. Aruanno cite to any law that the Court

---

4  *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

5  *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

6  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

7  *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

8  *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

9  (D.E. 139 at 2).

10  (*See* D.E. 95, 113, 128, 132)

11  *Cf. Soto v. Sleet*, 458 F. App'x 89 (3d Cir. 2012).

did not already consider. There was no newly discovered and unconsidered evidence proffered, nor was there any requirement imposed on the Court to correct a factual or legal error or otherwise prevent a manifest injustice. Therefore, there is no meritorious basis for reconsideration of the Court's Order. As "[r]econsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision," [12] Mr. Aruanno's informal Motion for Reconsideration is **DENIED**.

**IT IS** on this Friday, January 08, 2016 ordered as follows:

1. Plaintiff's motion for reconsideration is **denied.**

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/8/2016 5:51:15 PM

Original: Clerk of the Court
cc:   Hon. Susan D. Wigenton, U.S.D.J.
      All Counsel (via ECF)

c(via U.S. Mail):

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001

---

12  *Gunter*, 2012 WL 2522883, at *2.