UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**STEVEN C. MANNION**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

March 9, 2016

## LETTER OPINION/ORDER

Re: D.E. 142, Plaintiff's Request for Reconsideration
    Hasher v. Corzine
    Civil Action No. 07-cv-1212 (SDW-SCM)

Dear Litigants:

This matter comes before the Court upon review of *pro se* Plaintiff Joseph Aruanno's (Mr. Aruanno) informal letter filed on February 18, 2016 requesting reconsideration of the denial of his informal motion for appointment of *pro bono* counsel.[1] The Court has reviewed the papers and for the reasons stated herein, the request is **denied**.

I.   DISCUSSION

    A.   Legal Standard

The parties were previously informed of the standard for reconsideration in the Letter Opinion filed on January 8, 2016. (D.E. 140). Therefore, the standard need not be restated here. Mr. Aruanno's letter makes no attempt to meet the standard for reconsideration and merely raises his disagreement with the prior decision. Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[2] For this reason, the request for relief is denied.

    B.   Motion Practice

The Local Rules permit judges to allow the filing of informal motions to expedite a case, but

---

1  (ECF Docket Entry No. ("D.E.") 142).

2  *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

that practice is typically reserved for cases litigated with counsel, not *pro se* litigants.[3] Requests for relief must be made by notice of motion with certification of service, a proposed order and a brief or statement *in lieu* of brief where appropriate.[4] Briefs must also comply with all of the requirements of Local Civil Rule 7.2. When exhibits are submitted, they must be attached to an affidavit, certification, or declaration. "Motions" that do not comply with the Court's rules may be denied or stricken by the Court.

Mr. Aruanno's request for reconsideration did not include a notice of motion, certification of service, or a proposed order.[5] Instead, it consisted of a letter to the Court. The submission did not comply with the Local Civil Rule 7.2 requirements for either briefs or the requirements for an affidavit, certification, or declaration. For these reasons, the request for relief is denied without prejudice.

An appropriate order shall issue.

**IT IS** on this Wednesday, March 09, 2016 ordered as follows:

1. Plaintiff's motion for reconsideration is **denied;** and it is further ordered

2. The Clerk of the Court shall forward a copy of this opinion and order to Plaintiff Aruanno.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/9/2016 11:40:42 AM

---

3  See L.Civ.R. 7.1(b) and L.Civ.R. 37.1(a)(2).

4  L.Civ.R. 7.1(d),(e) and L.Civ.R. 37.1(b).

5  See (D.E. 142).

2

Original: Clerk of the Court
cc:   Hon. Susan D. Wigenton, U.S.D.J.
      All Counsel (via ECF)

c(via U.S. Mail):

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001