# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

April 4, 2016

## LETTER OPINION/ORDER

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001

Re:    **D.E. 147, Plaintiff's Application for Reconsideration of *Pro Bono* Counsel
*Hasher v. Corzine*
Civil Action No. 07-cv-1212 (SDW-SCM)**

Dear Litigants:

This matter comes before the Court upon review of *pro se* Plaintiff Joseph Aruanno's (Mr. Aruanno) letters filed on February 18, 2016 and March 22, 2016.[1]   In the first letter, Mr. Aruanno wrote, "I ask this court to reconsider the counsel issue and appoint counsel, *sua sponte*."[2]   In the second letter, Mr. Aruanno appears to deny seeking reconsideration.[3]   Nonetheless, the Court has again reviewed Mr. Aruanno's papers and for the reasons set forth herein declines to appoint *pro bono* counsel.

I.    DISCUSSION

A.    Standard for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(i). A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."[4]   To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

---

[1]  (ECF Docket Entry No. ("D.E.") 142, 147).

[2]  (D.E. 142, this letter is dated February 12, 2016).

[3]  (D.E. 147, this letter is dated February 15, 2016).    Mr. Aruanno's "motion for summary

judgment" dated February 7, 2016, was not filed until March 29, 2016. (D.E. 148).

[4]  Local Civil Rule 7.1(i).

when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[5]   "A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."[6]   Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."[7]   Reconsideration "is not appropriate where the motion only raises a party's disagreement with the Court's initial decision."[8]

The motions to be considered were for appointment of *pro bono* counsel.   Civil litigants do not possess either a constitutional or a statutory right to appointed counsel.[9]  Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[10]  District courts must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[11]  When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[12]  It was at that threshold assessment that Mr. Aruanno's prior applications were denied.

Mr. Aruanno filed applications for appointment of *pro bono* counsel in this case dated July 30, 2007 and August 31, 2007.[13]   The Honorable Dennis M. Cavanaugh, U.S.D.J. denied appointment of *pro bono* counsel on January 3, 2008, reasoning that

---

[5]   *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

[6]   *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (internal citations and quotations omitted.).

[7]   *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

[8]   *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

[9]   *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[10]   *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[11]   *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[12]   *Id.* at 155.

[13]   (D.E. 22, 27).

> Plaintiff has failed to sufficiently address the merits of his case and does not address the likelihood of success of his claims. While Plaintiff Aruanno does address his lack of legal knowledge and the complexities of the underlying case, his assertions do not rise to the level necessary for the appointment of *pro bono* counsel. Plaintiff asserts only general claims in his application and does not provide specific facts or allegations. Plaintiff fails to adequately address the threshold requirement for *pro bono* counsel, namely that his case "has arguable merit in fact and law." *Tabron*, 6 F.3d at 155.[14]

Mr. Aruanno filed another application for appointment of *pro bono* counsel on July 1, 2014.[15] He complained then, among other things, about being denied access to a law library and being subjected to retaliation by the Department of Corrections.   The Honorable Madeline Cox Arleo, U.S.M.J. denied appointment of *pro bono* counsel on July 23, 2014, informing Plaintiff that

> you have failed to sufficiently address the merits of your case and have not addressed the likelihood of success regarding your claims. Although your motion does discuss your lack of legal knowledge and the potential complexities of the underlying case, as Judge Cavanaugh pointed out in his opinion [Dkt. No. 47, at 2; Dkt. No. 49, at 2], your assertions do not rise to the level necessary for the appointment of *pro bono* counsel. Your motion, as with your previous applications, asserts only general claims and does not provide specific facts or allegations. As a threshold matter, your motion fails to satisfy the burden of showing that your case "has arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d at 155. Accordingly, Plaintiffs' motion for appointment of counsel must be, and is DENIED.[16]

Mr. Aruanno next filed a letter complaining about "denial of legal access" and requesting "this court to reconsider the counsel issue and appoint counsel, *sua sponte*."[17]   This Court reviewed and denied that request as procedurally defective.   The motion was also substantively defective for merely raising Mr. Aruanno's disagreement with the Court's initial decision and not meeting the standard for reconsideration.[18]

---

[14]   (D.E. 49, 50).

[15]   (D.E. 78).

[16]   (D.E. 80).

[17]   (D.E. 142).

[18]   (D.E. 144).

First, Mr. Aruanno does not claim there was an intervening change in the controlling law. Second, Mr. Aruanno does not claim that new evidence is available that had not been available when the Court made its initial decision. Third, Mr. Aruanno does not contend that the Court made a clear error of law or fact.[19] This Court has denied his repeated requests for the appointment of *pro bono* counsel and the suggestion that Mr. Aruanno's incarceration, lack of legal training and *pro se* status automatically results in a manifest injustice in this instance is unpersuasive.[20] Lastly, Mr. Aruanno does not argue that the Court overlooked any matter when considering its ruling.   Therefore, reconsideration is denied.

Nonetheless, even if the Court assumed Mr. Aruanno's claims have merit, his application should be denied upon considering the *Tabron* factors.

B.      Standard for Appointment of *Pro Bono* Counsel

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[21]  These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[22]

Assuming without deciding Mr. Aruanno's claims have merit, we analyze the factors:

1.   <u>Mr. Aruanno's Ability to Present His Case</u>

The first factor has been identified as "perhaps the most significant."[23]  For this factor the Court considers Mr. Aruanno's "education, literacy, prior work experience, and prior litigation experience...."[24] Mr. Aruanno's prior litigation experience includes being a *pro se* plaintiff in over thirty cases in this District alone.[25]

---

[19]   *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[20]   *Cf. Soto v. Sleet*, 458 F. App'x 89 (3d Cir. 2012).

[21]   *Id.* at 499.

[22]   *Tabron*, 6 F.3d at 156; see also *Parham*, 126 F.3d at 461.

[23]   *Id.* at 501.

[24]   *Id.* (internal citations omitted) (citing *Tabron*, 6 F.3d at 156).

[25]   See *Aruanno v. Marino*, No. 1:99cv2175 (SMO); *Aruanno v. Alvarez*, No. 1:99cv2179 (SMO); *Aruanno v. Garofold*, No. 1:99cv2180 (SMO); *Aruanno v. U.S.A.*, No. 1:99cv2868 (SMO); *Aruanno v.*

As additional guidance, the Third Circuit has noted that courts should consider Mr. Aruanno's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[26] Mr. Aruanno contends that he requires *pro bono* counsel because he is not "versed in [l]aw" and lacks "the ability to present an effective case without an attorney".[27] Mr. Aruanno also claims he has at time been denied access to a law library.   However, Mr. Aruanno is a prolific writer and his filings with the Court thus far reflect literacy and a general understanding of the litigation process.

His lack of formal legal training and limited access to the law library, without more, are not sufficient grounds to warrant the appointment of counsel.[28] Mr. Aruanno has demonstrated literacy and he has filed letter briefs and informal motions throughout this litigation.   In each letter brief, he has cited applicable statutes and case law. Accordingly, it does not appear that Mr. Aruanno's ability to pursue his claims and present his case has been significantly impeded by his professed limitations.   For the foregoing reasons, the first *Tabron* factor weighs against appointment.

---

*Wildwood Police, et al*, No. v 1:99cv3657 (SMO); *Aruanno v. Sherrer, et al*, No. 1:02cv2446 (JBS); *Bagarozy v. Harris et al*, No. 2:04cv3066 (JAP-JJH); *Aruanno v. Spagnuolo, et al*, No. 2:07cv2056 (DMC-MF); *Aruanno v. Blodgett et al*, No. 1:07cv2789 (JBS-JS); *Aruanno v. Main*, No. 2:07cv3867 (DRD-MAS); *Aruanno v. Corzine et al*, No. 3:07cv5270 (AET-LHG); *Aruanno v. Goodwin et al*, No. 2:07cv5205 (KSH); *Aruanno v. Booker*, No. 2:08cv305 (JLL-CCC); *Aruanno v. Sweeney et al*, No. 2:08cv4449 (SDW-MCA); *Aruanno v. Smith et al*, No. 2:09cv1070 (JLL-CCC); *Aruanno v. Sgt. Allen et al*, No. 2:09cv1250 (SRC-MAS); *Aruanno v. Green et al*, No. 2:09cv1542 (JLL-MAH); *Aruanno v. Johnson et al*, No. 2:09cv3368 (SRC-MAS); *Aruanno v. Caldwell et al*, No. 2:09cv5652 (WJM-MF); *Aruanno v. Fishman et al*, No. 2:10cv4085 (WJM-MF); *Aruanno v. Fishman et al*, No. 2:11cv880 (WJM-MF); *Aruanno v. Johnson et al*, No. 2:11cv1151 (WJM-MF); *Aruanno v. Johnson et al*, No. 2:11cv1842 (JLL-CCC); *Aruanno v. Walsh*, No. 2:11cv2505 (WJM-MF); *Aruanno v. Astrue et al*, No. 2:11cv2521 (WJM); *Aruanno v. Cavanaugh et al*, No. 2:11cv5778 (WJM-MF);*Aruanno v. Velez et al*, No. 2:12cv152 (WJM-MF); *Aruanno v. Commission of Social Security*, No. 2:12cv5030 (WJM); *Aruanno v. John/Jane Does 1-10*, No. 2:12cv7694 (WJM-MF); *Aruanno v. State of New Jersey*, No. 2:13cv5704 (WJM); *Aruanno v. State of New Jersey*, No. 2:13cv5830 (WJM); *Aruanno v. State of New Jersey*, No. 2:13cv5831 (WJM); *Aruanno v. Johnson et al*, No. 2:14cv1954 (WJM-MF); *Aruanno v. Davis*, No. 2:14cv3413 (WJM-MF); *Aruanno v. Marcyves et al*, No. 2:14cv4796 (WJM-MF); *Aruanno v. State of New Jersey*, No. 2:14cv5099 (WJM); *Aruanno v. Yates et al*, No. 2:14cv5100 (WJM-MF); *Aruanno v. Yates et al*, No. 2:15cv7405 (JLL); *Aruanno v. Main et al*, No. 2:15cv7982 (MCA-MAH).

[26] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[27] (D.E. 78 at 4).

[28] *See, e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010) (noting that a formal lack of legal training alone is not sufficient grounds for the appointment of counsel as "it is a limitation held in common by most pro se parties") (citation omitted).

2.   <u>The Complexity of the Case</u>

The second *Tabron* factor concerns the complexity of the particular legal issues.   Plaintiff is an involuntarily and civilly committed to the care and custody of the New Jersey Department of Human Services, pursuant to the New Jersey Sexually Violent Predators Act ("SVPA").[29] Along with others whom have since withdrawn from the case, he had numerous allegations that were dismissed for failure to state a claim.[30] What remains are claims concerning the conditions of Plaintiff's confinement.

The legal issues implicated by Mr. Aruanno's remaining claims are standard civil rights allegations made by detainees and inmates. At the present time, the Court does not find that the legal issues in this action are particularly complex. Therefore, the second *Tabron* factor also weighs against appointment.

3.   <u>The Degree to Which Factual Investigation Will be Necessary</u>

The third *Tabron* factor is the degree to which factual investigation will be necessary and Mr. Aruanno's ability to pursue an investigation. Under this factor, the courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[31]

However, nothing in the record indicates that Mr. Aruanno's *pro se* status inhibited him from conducting and participating in discovery. Including his own deposition. So, the third *Tabron* factor weighs against appointment.

4.   <u>The Extent to Which the Case is Likely to Turn on Credibility Determinations</u>

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. This matter may hinge on the credibility of Mr. Aruanno and the Department of Corrections defendants. However, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5.   <u>Whether the Case will Require Testimony from Expert Witnesses</u>

The fifth *Tabron* factor is whether the case will require testimony from expert witnesses. At this juncture of the case, it is unclear if expert testimony will be required. This is a civil rights case concerning alleged tampering of Mr. Aruanno's mail. Given the nature of Mr. Aruanno's allegations, the case appears to depend more on the facts deduced and the credibility of Mr. Aruanno's own testimony rather than on any expert testimony. Therefore, the fifth *Tabron* factor does not support

---

[29]  *N.J.S.A.* 30:4-27.1.

[30]  (D.E. 14, Opinion at 43).

[31]  *Tabron*, 6 F.3d at 156.

appointment.

      6.  <u>Mr. Aruanno's Capacity to Retain Counsel on His Own Behalf</u>

      Finally, the sixth *Tabron* factor is Mr. Aruanno's capacity to retain counsel on his own behalf. The court acknowledges Mr. Aruanno's assertions that he has attempted and failed to procure counsel.[32] However, these facts alone are not enough to justify an order of appointment. Therefore, the sixth *Tabron* factor weighs against appointment.

      The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Aruanno's Application throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[33]

      As the *Tabron* factors weigh against appointment at this time, the Court denies appointment of counsel.  With regard to the other issues raised by Mr. Aruanno, cross-motions for summary judgment are pending and therefore I cannot address his other concerns at this time.

      **SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/4/2016 2:28:59 PM

c (via ECF):

Original: Clerk of the Court
c:   Hon. Susan D. Wigenton, U.S.D.J.
     All Counsel (via ECF)

c (via U.S. Mail):

Mr. Joseph Aruanno, #363
Special Treatment Unit
P.O. Box 905
Avenel, NJ 07001

---

[32]  *See* (D.E. 22).

[33]  *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.

7